IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LEXUS OF SERRAMONTE, SONIC AUTOMOTIVE, INC., and FIRST AMERICA AUTOMOTIVE,<br><br>　　　　Defendants.　　　　　　　／ | No. C 05-0962 SBA<br><br>**ORDER**<br><br>[Docket No. 32] |

　　　　On March 8, 2005, Plaintiff Equal Employment Opportunity Commission filed a complaint in the above-captioned case. The case was assigned to Judge Fern Smith. After Judge Smith's retirement, the case was reassigned to this Court.

　　　　On September 15, 2005, the parties submitted a Case Management Conference statement. In the statement, both parties agreed that they would finish discovery by "June 31 [sic], 2006." On September 22, 2005, the Court held the initial Case Management Conference. Based on the parties' representation, the Court set a discovery cut-off deadline of June 30, 2006. The Court also scheduled a trial to commence on October 2, 2006.

　　　　On April 19, 2006, the parties filed a joint stipulation to continue discovery cut off deadline from June 30, 2006 to July 31, 2006. In the stipulation, the parties explained that Plaintiff's attorney had a personal emergency, and as a result, six depositions and a mediation session had to be cancelled and rescheduled. The parties informed the Court that if they did not settle at the newly scheduled mediation session on May 23, 2006, they would need to take at least ten additional depositions and propound discovery that they were trying to avoid propounding to save resources. On April 24, 2006, this Court approved the stipulation.

1   On June 20, 2006, the parties filed the instant Joint Stipulation to Continue Discovery Cut
2   Off and Corresponding Pretrial and Trial Dates [Docket No. 32]. In the Stipulation, the parties
3   advise the Court that at the May 23 mediation session, they agreed to most terms in a consent decree
4   but were unable to reach a monetary settlement. The parties also advise the Court that they believe
5   further settlement efforts might help reach a settlement. The parties therefore request a continuance
6   the discovery cut off deadline to September 30;[1] dispositive motion hearing deadline to October 17;
7   and the trial to January 22, 2007. They also request to stay all discovery, except for pending
8   discovery and corresponding motions, until July 3, 2006. The parties assert that such continuance is
9   necessary because they have failed to conduct necessary discovery "in the interest of saving
10  resources." Thus, if the parties' future settlement efforts prove unsuccessful, they would need to take
11  at least ten depositions and propound further discovery.

12  Having read and considered the parties' Stipulation, the Court finds that the parties have not
13  demonstrated good cause for continuance of all the dates. This Court relied on the parties'
14  representations, when it set the dates for the discovery cut off deadline and other deadlines. The
15  Court also relied on the parties' representations that they would be able to conduct the necessary
16  discovery and comply with other deadlines when it granted a continuance of the discovery cut off
17  pursuant to the parties' stipulation in April 2006. Instead of governing themselves in the manner
18  necessary to comply with the Court's orders, and despite the fact that their May 23, 2006 mediation
19  did not settle the case, the parties decided not to take the ten depositions they needed to take and not
20  to propound further discovery. Instead, the parties are "exploring" some unspecified settlement
21  options. The parties have not scheduled a second mediation session, and are not even sure if they
22  want to engage in a mediation. This conduct strongly suggests to the Court that the parties have
23  little regard for the Court's directives and deadlines. Nevertheless, in order to facilitate the
24  resolution of this case, the Court will grant the parties a brief extension of the discovery deadline so

---

[1] While the parties request the discovery cut off deadline to be continued until September 30, 2006, at the same time, they state that it "would be impossible" for them to complete the necessary discovery by September 30, 2006 "if current settlement efforts prove unsuccessful."

that the necessary discovery can be completed, as well as a brief extension of the dispositive motions hearing deadline.  However, the Court hereby advises the parties that it does not appreciate, or condone, the parties' disregard for the Court's deadlines and orders.  The Court also reminds the parties that it fully expects them to be in the position to commence trial on October 2, 2006.  The Court is not inclined to grant any further continuances.

Accordingly,

IT IS HEREBY ORDERED THAT the parties' Joint Stipulation to Continue Discovery Cut Off and Corresponding Pretrial and Trial Dates [Docket No. 32] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED THAT the discovery cut-off deadline is extended to August 19, 2006.  All depositions must be noticed such that the deposition is concluded on or before August 19, 2006.  The time for responding to the requests for admission, interrogatories, and requests for production of documents shall be shortened from thirty to <u>ten</u> (10) days.  The parties are responsible for scheduling discovery such that any motions necessary to resolve the parties' discovery disputes are heard on or before August 19, 2006.

IT IS FURTHER ORDERED THAT the dispositive motions hearing deadline is extended to September 19, 2006.  <u>The parties are hereby reminded that this Court is **NOT** inclined to grant any further continuances.</u>

IT IS FURTHER ORDERED THAT the parties' request to continue the pretrial conference and trial dates is DENIED.  Except as expressly set forth herein, all deadlines set forth in the Pretrial Order shall remain in effect.

IT IS FURTHER ORDERED THAT the parties' request to stay all discovery until July 3, 2006, is DENIED as moot.

IT IS SO ORDERED.

Dated: 7/10/06

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

3