UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>LEXUS SERRAMONTE, ET AL.,<br><br>　　　　Defendants.<br>_____/ | No. C 05-0962 SBA   (JL)<br><br>**ORDER GRANTING MOTION TO COMPEL PRODUCTION OF EMPLOYEE LISTS**<br><br>(Granting Docket # 33, denying #s 36, 37) |

**Introduction**

All discovery in this case has been referred by the district court (Hon. Saundra Brown Armstrong) as provided by 28 U.S.C. §636(b) and Civil Local Rule 72. Plaintiff and Defendants filed separate statements regarding a discovery dispute. This case is set for hearing of dispositive motions by September 19, 2006 and has been referred for a settlement conference before Magistrate Judge Brazil. The parties attempted to meet and confer but were unable to resolve their current dispute. The matter came on for hearing. Elizabeth Esparza-Cervantes appeared for Plaintiff Equal Employment Opportunity Commission ("EEOC"). David A. Hosilyk, FINE, BOGGS, COPE & PERKINS LLP, appeared for Defendants Lexus of Serramonte, Sonic Automotive, Inc. And First America Automotive ("Defendants"). The Court considered the moving and opposing papers and the

arguments of counsel and hereby grants Plaintiff's motion in part. Defendants shall respond to Interrogatory No. 9 and Requests for Production of Documents No. 17 and 18. However, the response is modified to records of female employees employed by Defendants from January 2001 through December 2002. Furthermore, if Defendants do not presently maintain their employee contact information in the electronic format requested by Plaintiff, they shall produce it as maintained. If there is no protective order in effect, the parties shall prepare one, modeled on the example on the Court's web site and present it to the Court for approval within five days of the e-filing of this order. Compliance with the discovery portion of this order is due ten days from the e-filing of this order.

### This Motion

Plaintiff asks the Court to order Defendants to respond to the following:

(1) Interrogatory No. 9 "IDENTIFY each PERSON employed by YOU at YOUR Lexus of Serramonte Facility during the REQUESTED TIME PERIOD providing the following information for each: name, gender, hire date, last date employed if currently laid off, residence addresses, telephone numbers, social security number, and employment position."; (2) Request No. 17 "An electronic database file, in Quattro Pro readable format, IDENTIFYING YOUR CURRENT employees in the Serramonte Facility including each employees' name, gender, hire date, last date employed if currently laid off, residence addresses, telephone numbers, social security number, and employment position."; and (3) Request No. 18 "An electronic database file, in Quattro Pro readable format, IDENTIFYING all female employees that worked with or under the supervision of Roderick V. Helaire, Francis Chang, Yan Epshtein and Bob Fraley from 2000 to the present, including each employee's name, hire date, last date employed if currently laid off, residence addresses, telephone numbers, social security number, and employment position."

### Analysis

Title VII of the Civil Right Act of 1964 sets forth a comprehensive scheme to enforce the rights of workers to be free of discrimination in the workplace by employers who fall within its ambit. It specifically grants the EEOC the power to enforce the anti-discrimination laws by seeking injunctive remedies in the public interest as well as monetary remedies on behalf of individual claimants. 42 U.S.C. §2000e-5.

In the case at bar, the EEOC has statutory authority to file lawsuits seeking class-wide relief, and is exempt from the certification requirements of FRCP 23. *General Telephone Co. Of the Northwest, Inc. V. EEOC*, 446 U.S. 318 (1980). ("The EEOC may seek classwide relief under § 706(f)(1) without being certified as the class representative under Rule 23; the EEOC may maintain its § 706 civil actions for the enforcement of Title VII and may seek specific relief for a group of aggrieved individuals without first obtaining class certification pursuant to Federal Rule of Civil Procedure 23." *Id.* at 333-334.)

Consequently, the posture of this case is the same as if class certification had already been granted and the parties are at the stage where Plaintiff's counsel needs to contact putative class members. A court may reasonably order a defendant to provide contact information, including telephone numbers and addresses for its employees from the relevant class period. That would be around the time when the named Plaintiff, Ms. Wei, was employed at Lexus Serramonte, and not limited to the Sales Department.

However, the Court will refrain from unduly burdening Defendants. *Romero v. Producers Dairy Foods, Inc.* 235 F.R.D. 474, 493 (E.D.Cal. 2006)

Plaintiffs also ask the Court to order Defendant to submit a "computer-readable data file containing" contact information of all potential class members. Mot. 19:10-12. Defendant's Director of Administration states that Defendant "does not have a computer readable data file containing employees' names, addresses, and telephone numbers." Sewill Decl. ¶ 8. It is unduly burdensome to require Defendant to do Plaintiffs' work for them by creating a computer-readable file. Accordingly, the Court will not order Defendant to produce one. Defendant must provide, however, contact information for any potential class members that it has not yet provided.

*Id.*

If Defendants do not maintain the requested information in the format specified by Plaintiff, then they shall produce in whatever form they do maintain it.

**Order**

Defendants shall respond to Interrogatory No. 9 and Requests for Production of Documents No. 17 and 18. However, the response is modified to records of female employees employed by Defendants from January 2001 through December 2002. Furthermore, if Defendants do not presently maintain their employee contact information in the electronic format requested by Plaintiff, they shall produce it as maintained. If there is no protective order in effect, the parties shall prepare one, modeled on the example on the Court's web site and present it to the Court for approval within five days of the e-filing of this order. Compliance with the discovery portion of this order is due ten days from the e-filing of this order.

IT IS SO ORDERED.

DATED: August    2006

_____/s_____
JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\05-0962\ord-grant33,deny36,37.wpd