1  **WILLIAM R. TAMAYO, SBN 084965**
   **DAVID F. OFFEN-BROWN, SBN 063321**
2  **ELIZABETH ESPARZA-CERVANTES, SBN 205412**
   **LINDA S. ORDONIO-DIXON, SBN 172830**
3  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
   **San Francisco District Office**
4  **350 The Embarcadero, Suite 500**
   **San Francisco, CA 94105-1260**
5  **Telephone No. (415) 625-5658**
   **Fax No. (415) 625-5657**
6
7  **Attorneys for Plaintiff**

8                   **UNITED STATES DISTRICT COURT**

9               **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10  **EQUAL EMPLOYMENT**                    Case No.  C-05-0962 SBA (JL)
    **OPPORTUNITY COMMISSION,**

11          **Plaintiff,**                  STIPULATED PROTECTIVE ORDER
                **v.**
12
    **LEXUS OF SERRAMONTE, SONIC**
13  **AUTOMOTIVE, INC., AND FIRST**
    **AMERICA AUTOMOTIVE,**
14
              **Defendants.**
15

16

17  **1.       PURPOSES AND LIMITATIONS**

18          Disclosure and discovery of the employee contact information ordered produced by

19  Magistrate Judge Larson on August 9, 2006 may involve production of confidential or private

20  information.  Pursuant to the Court's order, the parties hereby stipulate to and request the court to

21  enter this Stipulated Protective Order.  The parties acknowledge that this Order does not confer

22  blanket protections on all disclosures or responses to discovery and that the protection it affords

23  extends only to the employee contact information that the Court ordered Defendants to produce.  The

24  parties further acknowledge that this Stipulated Protective Order creates no entitlement to file

25  confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be

26  followed and reflects the standards that will be applied when a party seeks permission from the court

27  to file material under seal.

28  ///

**2.    DEFINITIONS**

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Employee Contact Information: the contact information of employees that Defendants are required to produce per the Court's August 9, 2006 order.

2.3 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; private investigators; etc.) and their employees and subcontractors.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only the Employee Contact Information (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Employee Contact Information.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until Defendants agree otherwise in writing or a court order otherwise directs.

**5.    ACCESS TO AND USE OF EMPLOYEE CONTACT INFORMATION**

5.1 Basic Principles. The EEOC may use the Employee Contact Information that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Employee Contact Information may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, the EEOC must comply with the provisions of section 11, below (FINAL DISPOSITION).  Employee Contact Information must be stored and maintained by the EEOC at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

1       5.2 Disclosure of Employee Contact Information.  Unless otherwise ordered by the court or

2   permitted in writing by the Defendants, the EEOC may disclose Employee Contact Information only

3   to:

4       (a) employees of the EEOC to whom disclosure is reasonably necessary for this litigation and

5   who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

6       (b) the Court and its personnel;

7       (c) court reporters, their staffs, and professional vendors (See Section 2.3, above) to whom

8   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

9   Bound by Protective Order" (Exhibit A);

10       (d) the author of the document or the original source of the information.

11  **6.**    **EMPLOYEE CONTACT INFORMATION SUBPOENAED OR ORDERED**

12          **PRODUCED IN OTHER LITIGATION**

13       If the EEOC is served with a subpoena or an order issued in other litigation that would

14   compel disclosure of Employee Contact Information, the EEOC must so notify the Defendants, in

15   writing (by fax, if possible) immediately and in no event more than three court days after receiving

16   the subpoena or order. Such notification must include a copy of the subpoena or court order.  The

17   EEOC also must immediately inform in writing the Party who caused the subpoena or order to issue

18   in the other litigation that some or all the material covered by the subpoena or order is the subject of

19   this Protective Order. In addition, the EEOC must deliver a copy of this Stipulated Protective Order

20   promptly to the Party in the other action that caused the subpoena or order to issue.

21       The purpose of imposing these duties is to alert the interested parties to the existence of this

22   Protective Order and to afford the Defendants in this case an opportunity to try to protect their

23   confidentiality interests in the court from which the subpoena or order issued.  The Defendants shall

24   bear the burdens and the expenses of seeking protection in that court of their confidential material –

25   and nothing in these provisions should be construed as authorizing or encouraging the EEOC in this

26   action to disobey a lawful directive from another court.

27  **7.**    **UNAUTHORIZED DISCLOSURE OF EMPLOYEE CONTACT INFORMATION**

28       If the EEOC learns that, by inadvertence or otherwise, it has disclosed Employee Contact

Stipulated Protective Order          3.
*EEOC v Lexus of Serramonte, et al*
Case No. C-05-0962-SBA-JL

1   Information to any person or in any circumstance not authorized under this Stipulated Protective

2   Order, the EEOC must immediately (a) notify in writing the Defendants of the unauthorized

3   disclosures, (b) use its best efforts to retrieve all copies of the Employee Contact Information, (c)

4   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

5   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

6   Be Bound" that is attached hereto as Exhibit A.

7   **8.     FINAL DISPOSITION**

8         Unless otherwise ordered or agreed in writing by the Defendants, within sixty days after the

9   final termination of this action, the EEOC must destroy all but one archival copy of Employee

10  Contact Information.[1]  The archival copy will remain subject to this Protective Order as set forth in

11  Section 4 (DURATION), above.

12  **9.     MISCELLANEOUS**

13        9.1 Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its

14  modification by the Court in the future.

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27

28

---

[1] The EEOC is subject to federal record keeping requirements and must retain one copy of the employee contact information.

Stipulated Protective Order
*EEOC v Lexus of Serramonte, et al*
Case No. C-05-0962-SBA-JL

4.

1          9.2 Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no

2    Party waives any right it otherwise would have to object to disclosing or producing any information

3    or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives

4    any right to object on any ground to use in evidence of any of the material covered by this Protective

5    Order.

6    August 15, 2006                                    U.S. EQUAL EMPLOYMENT
                                                        OPPORTUNITY COMMISSION
7                                                       William R. Tamayo
                                                        David F. Offen-Brown
8                                                       Elizabeth Esparza-Cervantes

9                                                       BY: _____/s/_____
10                                                           Elizabeth Esparza-Cervantes
                                                             Attorneys for Plaintiff EEOC
11

12   August 15, 2006                                    FINE, BOGGS, COPE & PERKINS, LLP
                                                        John Boggs
13                                                      David Hosilyk

14                                                      BY: _____/s/_____
15                                                          David Hosilyk, Esq.
                                                            Attorneys for Defendants
16                                                          LEXUS OF SERRAMONTE, SONIC
                                                            AUTOMOTIVE, INC., and FIRST
17                                                          AMERICA AUTOMOTIVE

18

19                                    [PROPOSED] ORDER

20         For good cause showing, the Court hereby enters the Stipulated Protective Order.
     It is so ordered.
21    August 18, 2006                          _____

22                                             UNITED STATES MAGISTRATE JUDGE

23                                             Judge James Larson

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Northern District of California on

_____ [date] in the case of *EEOC v Lexus of Serramonte, et al,* Case

No.  C-05-0962 SBA (JL).  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

_____

[print or type full address and telephone number]

Stipulated Protective Order
*EEOC v Lexus of Serramonte, et al*
Case No. C-05-0962-SBA-JL

6.