**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | No. C 05-0962 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket Nos. 55, 65] |
| LEXUS OF SERRAMONTE, SONIC AUTOMOTIVE, INC., and FIRST AMERICA AUTOMOTIVE, | |
| Defendants. | |

This matter comes before the Court on Defendants' Objections to Magistrate Judge Larson's August 9, 2006 "Order Granting Motion to Compel Production of Employee Lists" [Docket No. 55] and Plaintiff's Application for Immediate Denial of Defendants' Objections to Magistrate Judge's Order Granting Motion to Compel Production of Employee List and for Order Requiring Production of the Employee List by September 5, 2006, the Deadline for Naming Witnesses for Trial [Docket No. 65].  Having read and considered the papers presented, the Court hereby OVERRULES Defendants' Objections and GRANTS Plaintiff's Application.

**BACKGROUND**

Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed this lawsuit against Defendants Lexus of Serramonte, Sonic Automotive, Inc. and First America Automotive, Inc. ("Defendants") alleging that Defendants subjected charging party Annie Wei, and a class of similarly situated female employees to sexual harassment in violation of 42 U.S.C. § 2000e et seq., Title VII of the Civil Rights Act of 1964.  In addition to Annie Wei, the EEOC has identified another employee of Defendants, Salma Rashid, who was allegedly subjected to sexual harassment.

The case has been referred to Magistrate Judge Larson for resolution of all discovery disputes.  A dispute arose between the parties regarding Defendants' production of an employee list.

The parties met and conferred but were unable to agree. On June 29, 2006, the EEOC requested Defendants to prepare a joint statement addressing this issue to be filed before Judge Larson.[1] *See* Objections to Defendants' Untimely Filed Documents re EEOC's Motion to Compel Defendants' Employee List [Docket No. 43], at 1. After Defendants failed to respond to the EEOC's request, the EEOC filed a separate statement on July 6, 2006. In the statement, it requested Judge Larson to compel Defendants to produce a list of their employees between 2000 and present, including each employee's name, gender, hire date, last day employed "if currently laid off," address, telephone number, social security number, and employment position. The EEOC requested the list in electronic format. It claimed that this information was necessary to identify employees "who may become class members to this action and/or serve as percipient witnesses." *See* Defendants' Objections, Ex. E. The EEOC's separate statement indicated that a hearing on the motion would take place on August 9, 2006. Defendants filed their own separate statement on July 26, 2006. *Id*., Ex. F. In the statement, Defendants objected to the production of the list on the grounds that such request was overbroad and sought information not reasonably calculated to lead to the discovery of admissible evidence. Defendants' separate statement also included the hearing date of August 9, 2006 on the caption page.

On July 28, 2006, the EEOC sent Defendants a Notice of Motion and Hearing. The EEOC did not file the notice with the Court. On August 4, 2006, Defendants filed an Opposition to Plaintiffs' Notice of Motion and Hearing Regarding EEOC's Motion to Compel Defendants' Employee List. Defendants objected to the hearing scheduled for August 9, 2006, on the grounds that Judge Larson had not advised the parties of the hearing, and therefore the EEOC's unilateral scheduling of the hearing for August 9 violated Judge Larson's Standing Order. Defendants further

---

[1] Magistrate Judge Larson's Standing Order requires parties who wish to file a discovery motion, to prepare a joint statement, stating the nature and status of their dispute. If a joint statement is not possible, each side may submit a brief individual statement. Thereafter, Judge Larson would "advise the parties regarding the need, if any, for formal briefing or a hearing." Defendants' Objections to the Magistrate's Order Granting Motion to Compel Production of Employee Lists ("Defendants' Objections"), Ex. D at 2.

objected that even if the EEOC's separate statement were deemed notice of a motion, it was filed only 34 days prior to the hearing in violation of Local Rules and Judge Larson's Standing Order. On the same date, the EEOC filed an Objection to Defendants' Untimely Filed Documents re: EEOC's Motion to Compel Defendants' Employee List. The EEOC requested Judge Larson not to consider Defendants' August 4, 2006 opposition, or in the alternative, to reschedule the hearing for August 16, 2006.

The hearing took place on August 9, 2006. Both parties were represented by counsel. On the same date, Judge Larson issued the "Order Granting Motion to Compel Production of Employee Lists" (hereinafter the "Order"). Judge Larson ordered Defendants to produce the employee list, containing information the EEOC requested. However, Judge Larson limited the list to female employees employed by Defendants between January 2001 and December 2002 (roughly the time when the two identified class members were allegedly subjected to sexual harassment). In addition, Judge Larson declined to compel production of the list in electronic format, and ordered Defendants to produce the list as maintained. Finally, Judge Larson conditioned the release of this information upon the parties' entering into a suitable protective order. Judge Larson approved the protective order after the parties made certain modifications to it requested by him.

On August 23, 2006, Defendants filed the instant Objections to Judge Larson's Order. On August 24, 2006, the EEOC filed an Opposition to Defendants' Objections and an Application to Shorten Time for Hearing on Defendants' Objections. In the Application, the EEOC requested the Court to overrule Defendants' objections and compel production of the list the following afternoon. Judge Hamilton, a general duty judge at the time, denied the EEOC's Application.[2] Judge Hamilton did not rule on Defendants' Objections. On August 30, 2006, the EEOC filed another Opposition to Defendants' Objections and an Application for Immediate Denial of Defendants' Objections. The second Opposition and Application reassert the same arguments set forth in the August 24

---

[2] Due to the Court's unavailability and the Application's asserted urgency, it was addressed by the general duty judge.

3

opposition and application. The only difference is that this time the Application requests the Court to compel production of documents no later than September 5, 2006 at 2:00 p.m., or in the alternative, allow the EEOC two weeks from the date of the production to update its witness list.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 72(a) and Civil L.R. 72-2 govern objections to nondispositive pretrial decisions by magistrate judges. Rule 72(a) provides:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; . . . The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a).

"The 'clearly erroneous' standard applies to the magistrate judge's findings of fact; legal conclusions are freely reviewable *de novo* to determine whether they are contrary to law." *Wolpin v. Morris, Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999) (citing *United States v. McConney*, 728 F.2d 1195, 1200-01 (9th Cir.1984), overruled on other grounds, *Estate of Merchant v. C.I.R.*, 947 F.2d 1390 (9th Cir.1991)). In finding that the magistrate judge's decision is "clearly erroneous," the Court must "arrive at a '*definite and firm conviction* that a mistake has been committed.'" *Id.* (citing *Federal Sav. & Loan Ins. Corp. v. Commonwealth Land Title Ins. Co.*, 130 F.R.D. 507 (D.D.C.1990) (emphasis added)). This standard is extremely deferential and the Magistrate's rulings should be considered the final decisions of the District Court. *See United States v. Abonce-Barrera*, 257 F.3d 959, 968 (9th Cir. 2001).

Civil Local Rule 72-2 provides:

> Unless otherwise ordered by the assigned District Judge, no response need be filed and no hearing will be held concerning an objection to a Magistrate Judge's order pursuant to FRCivP 72(a) and 28 U.S.C. § 636(b)(1)(A). The District Judge may deny the objection by written order at any time, but may not grant it without first giving the

4

> opposing party an opportunity to brief the matter. If no order denying the motion or setting a briefing schedule is made within 15 days of filing the objection, the objection shall be deemed denied. The Clerk shall notify the parties when an objection has been deemed denied.

Civil L.R. 72-2.[3]

## **ANALYSIS**

Defendants object to the Order on two grounds: (1) that it is procedurally improper because Judge Larson failed to follow Local Rules and his Standing Order by holding a hearing on the 12-day notice; and (2) that it is substantively incorrect because the EEOC did not make a showing that any employees had any discoverable information, and the Order provides it an opportunity "to have unfettered communications with putative class members for the purpose of coaxing and soliciting additional litigants." Defendants request that the Court reverse Judge Larson's Order, or in the alternative, order the EEOC to meet and confer with Defendants regarding any communication with class members, and that any such communication be in writing, using language agreed upon by counsel for the EEOC and Defendants.

A.  Whether the Order Was Procedurally Correct

Defendants argue that Judge Larson violated his Standing Order by holding a hearing regarding the EEOC's Motion to Compel on August 9. Specifically, Defendants claim that he failed to advise Defendants that he desired a hearing on the motion in violation of his Standing Order, and that Defendants received only a 12-day notice of the hearing in violation of Local Rule 7-2. Defendants count the notice period from the date EEOC mailed them a notice of hearing on July 28, 2006. Defendants claim they were prejudiced by the lack of notice in that they were denied the ability to fully brief the issues under the time frames provided in Judge Larson's Standing Order and Local Rules.

The EEOC responds that Defendants received the EEOC's separate statement regarding

---

[3] 28 U.S.C. § 636(b)(1)(A) states, in relevant part, that "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's [magistrate judge's] order is clearly erroneous or contrary to law."

1 motion to compel on July 6, 2006. Defendants must have understood from the caption page on the
2 statement that the EEOC was requesting an August 9, 2006 hearing for the motion. Defendants also
3 filed their own separate statement regarding the EEOC's motion to compel listing the hearing date on
4 the caption page. Thus, the EEOC argues that Defendants were aware of the hearing date 34 days
5 before it occurred. Furthermore, counsel for Defendants appeared at the hearing and presented
6 arguments for Defendants and succeeded in having Judge Larson limit the scope of the EEOC's
7 discovery requests and in requiring that the parties enter a protective order to protect the privacy of
8 employees' information.

9 Judge Larson's Standing Order requires parties who wish to file a discovery motion, to
10 prepare a joint statement, stating the nature and status of their dispute. If a joint statement is not
11 possible, each side may submit a brief individual statement. Thereafter, Judge Larson would "advise
12 the parties regarding the need, if any, for formal briefing or a hearing." Defendants' Objections to
13 the Magistrate's Order Granting Motion to Compel Production of Employee Lists ("Defendants'
14 Objections"), Ex. D at 2. If Judge Larson orders formal briefing, the discovery motions must be
15 filed in accordance with Civil Local Rule 7-2. Civil Local Rule 7-2 provides: "Except as otherwise
16 ordered or permitted by the assigned Judge or these Local Rules, and except for motions made
17 during the course of a trial or hearing, all motions must be filed, served and noticed in writing on the
18 motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion."

19 Defendants' objection is wholly without merit and does not warrant overruling Judge
20 Larson's order. It is clear that pursuant to the Standing Order, Defendants are not entitled to formal
21 briefing of the motion to compel (apart from the separate statements filed by the parties) or a hearing
22 on it. Such formal briefing and/or a hearing are ordered by Judge Larson *as necessary*. The
23 Standing Order does not specify that the parties will be so advised 35 days prior to the hearing. The
24 purpose of the Standing Order is to facilitate speedy and efficient pretrial procedures. The discovery
25 cut-off deadline in this case was August 19, 2006. Judge Larson permitted the hearing on the
26 motion to compel to proceed on August 9 in order to allow parties to resolve this dispute by the

6

1 discovery deadline, and be able to prepare for trial scheduled to begin on September 25.

2 Furthermore, the Order did not violate Local Rule 7-2. Local Rule 7-2 requires a notice of
3 the hearing not less than 35 days after service *"[e]xcept as otherwise . . . permitted by the assigned*
4 *Judge*." Civ. L.R. 7-2. Judge Larson expressly permitted the hearing to take place on August 9,
5 despite Defendants' objection to the hearing filed on August 4. Thus, Local Rule 7-2 was not
6 violated. Finally, even if the notice to Defendants was inadequate, they were not prejudiced by it.
7 Defendants noted the time and date of the hearing on their own separate statement regarding the
8 EEOC's motion to compel. It is reasonable to infer that at the time they filed the statement they
9 were aware of the scheduled hearing. Nevertheless, they did not object to the hearing at that time.
10 Further, Defendants were notified by the EEOC on July 28, 2006 that the hearing would take place
11 on August 9. Defense counsel appeared at the hearing and presented arguments for their clients.
12 Except for Defendants' conclusory allegations of prejudice, there is no indication that Defendants
13 were not fully aware of the issues or were in any way deprived of a full opportunity to be heard on
14 them. Thus, even if the notice was inadequate, the error was harmless. *See Hoffman for and on*
15 *Behalf of N.L.R.B. v. Beer Drivers and Salesmen's Local Union No. 888*, 536 F.2d 1268, 1273 (9th
16 Cir. 1976) (in absence of indication that parties were not fully aware of issues or were in any way
17 deprived of full opportunity to explore the issues of fact or to be heard on the issues of law, parties
18 were not deprived of due process on theory that insufficient notice of hearing on a motion was
19 given).

20 B.     Whether the Order Was Substantively Incorrect

21 Defendants also argue that the Order was substantively defective because it provided for the
22 EEOC's counsel "to have unfettered communications with putative class members for the purpose of
23 coaxing and soliciting additional litigants." Defendants' Objections at 6. Title VII of the Civil
24 Rights Act of 1964 grants the EEOC the power to enforce the anti-discrimination laws by seeking
25 injunctive remedies in the public interest and monetary remedies on behalf of individual claimants.
26 42 U.S.C. § 2000e-5. The EEOC may seek class-wide relief for a group of aggrieved individuals,
27
28

7

1 without complying with the certification requirements of Federal Rule of Civil Procedure 23.
2 *General Telephone Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318 (1980).  Thus, as Judge Larson
3 correctly concluded, "the posture of this case is the same as if class certification had already been
4 granted and the parties are at the stage where Plaintiff's counsel needs to contact putative class
5 members." Order at 3.  Furthermore, the EEOC may obtain equitable relief that protects a class of
6 persons from unlawful employment discrimination without citing numerous instances of such
7 discrimination.  *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 468 (6th Cir. 1999).  In
8 seeking such relief, EEOC need not identify a class or its numbers.  *See General Tel.*, 446 U.S. at
9 330.  The EEOC may seek the relief even when it identifies one or a mere handful of aggrieved
10 employees.  *See EEOC v. Monarch Mach. Tool Co.*, 737 F.2d 1444, 1449 (6th Cir. 1980).
11 Accordingly, Defendants' argument that the EEOC has identified only two individuals who claim to
12 have been sexually harassed while employed by Defendants is irrelevant.  Furthermore, Defendants'
13 argument that the EEOC did not make a showing that any employees had any discoverable
14 information is without merit.  Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may
15 obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any
16 party." Fed. R. Civ. P. 26(b)(1).  "Relevancy is broadly construed, and a request for discovery
17 should be considered relevant if there is 'any possibility' that the information sought may be relevant
18 to the claim or defense of any party." *Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535,
19 541 (D. Kan. 2006). When the discovery sought appears relevant on its face, the party resisting the
20 discovery has the burden to establish that it does not come within the scope of relevance as defined
21 under Rule 26(b)(1).  *Id*.  In this case, because the EEOC has already identified two women who
22 were allegedly subjected to sexual harassment while employed by Defendants, the basic information
23 regarding Defendants' employees appears relevant on its face.  *See Babbitt v. Albertson's, Inc.*, No. C
24 92-1883 SBA (PJH), 1992 WL 605652, at *5-6 (N.D. Cal. Nov. 30, 1992) (finding the list of names,
25 addresses, telephone numbers and social security numbers of past and present employees relevant in
26 a putative employment discrimination class action, and compelling production of such information).

8

1  Defendants have not met their burden to show that this relevant information is not discoverable.

2  Finally, Defendants' argument that Judge Larson "overlooked the important fact that, even
3  after class certification, courts routinely monitor and control communications by counsel with
4  putative class members" is meritless.  Judge Larson limited the EEOC's request of employee list by
5  excluding from the list the information with respect to male employees, by shortening the time frame
6  of the request, and by requiring the parties to enter into a protective order prior to the production of
7  such information.  Thus, Judge Larson has exercised appropriate control over the EEOC's
8  communications with putative class members.  Defendants have not shown that more is required.
9  For all the foregoing reasons, Judge Larson's Order was not contrary to law.  *See Wolpin*, 189 F.R.D.
10 at 422.[4]

11 Accordingly,

12 IT IS HEREBY ORDERED THAT Defendants' Objections to Magistrate Judge Larson's
13 August 9, 2006 "Order Granting Motion to Compel Production of Employee Lists" [Docket No. 55]
14 are OVERRULED.

15 IT IS FURTHER ORDERED THAT Plaintiff's Application for Immediate Denial of
16 Defendants' Objections to Magistrate Judge's Order Granting Motion to Compel Production of
17 Employee List and for Order Requiring Production of the Employee List by September 5, 2006, the
18 Deadline for Naming Witnesses for Trial [Docket No. 65] is GRANTED.  Defendants shall comply
19 with Judge Larson's August 9, 2006 Order no later than **September 8, 2006.**  The EEOC is granted
20 leave to supplement its witness list based on the information provided by Defendants pursuant to
21 Judge Larson's Order no later than **September 15, 2006.**

22 IT IS SO ORDERED.

*[signature: Saundra B Armstrong]*

23
24 Dated: 9/1/06

---

[4] The Court also finds Defendants' argument that they are troubled by the EEOC seeking the information so close to the discovery cutoff disingenuous.  Both parties stipulated to the Court that they deferred conducting discovery in this action to save resources.  Defendants cannot now claim to be prejudiced by the course of action they themselves chose.

SAUNDRA BROWN ARMSTRONG
United States District Judge