IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LEXUS OF SERRAMONTE, SONIC AUTOMOTIVE, INC., and FIRST AMERICA AUTOMOTIVE,<br><br>　　　　　Defendants._____/ | No. C 05-0962 SBA<br><br>**ORDER**<br><br>[Docket No. 48] |

This matter comes before this Court on Plaintiff's Motion for Partial Summary Judgment.

**BACKGROUND**

Anne Wei began working for Lexus of Serramonte and Sonic Auto in December 2001 as a Fleet and Internet Sales Person. Hosilyk Decl. Ex. B. She filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the California Department of Fair Employment and Housing (DFEH) on December 27, 2002, stating that she was subjected to a hostile work environment by General Sales Managers Rod Hellaire and Francis Chang and Sales Person Yan Epstein. *Id*. She alleges that these individuals commented on her body, touched her inappropriately, and made sexual comments on a daily basis. Wei states that she informed her immediate supervisor, Bob Fraley, about this harassment, and he failed to take corrective action. She was forced to end her employment on November 1, 2002. *Id*.

Lexus of Serramonte and Sonic Auto were notified of the Charge. Hosilyk Decl. Ex. C. Conciliation efforts were made, and the EEOC notified Lexus of Serramonte and Sonic Auto that conciliation efforts had failed and the case would be forwarded for litigation review on September 22, 2004. *Id*. at Ex. E.

Plaintiff EEOC filed a Complaint on March 8, 2005, alleging that Defendants Lexus of Serramonte, Sonic Automotive, Inc., and First America Automotive have engaged in unlawful employment practices including verbal and physical harassment on the basis of sex, since at least December 2001. Compl. at ¶ 7. More than 30 days prior to the institution of the suit, Wei filed a charge of discrimination with the EEOC. *Id*. at ¶ 2. The EEOC brought the suit in order to provide appropriate relief to Ms. Wei and "other similarly situated individuals." Plaintiff seeks a permanent injunction barring Defendants from engaging in employment practices which discriminate on the basis of sex, and ordering Defendants to institute policies and programs to provide equal opportunities for their employees. *Id*. at ¶¶ A, B. Plaintiff also seeks compensatory and punitive damages. *Id*. at ¶¶ C, D, E.

Defendants answered the complaint, denying the allegations and setting forth sixteen affirmative defenses.

Plaintiff now moves for partial summary judgment as to Defendants' Sixth, Tenth, Thirteenth, and Fourteenth Affirmative Defenses, claiming that each lacks legal or factual foundation. Defendants oppose the motion and also lodge objections to evidence submitted by Plaintiff.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 56, a court may properly grant a motion for summary judgment if the pleadings and materials demonstrate that there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment may be granted in favor of a defendant on an ultimate issue of fact where the defendant carries its burden of "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325; *see Johnston v. IVAC Corp.*, 885 F.2d 1574, 1577 (Fed. Cir. 1989).

To withstand a motion for summary judgment, the non-movant must show that there are genuine factual issues which can only be resolved by the trier of fact. *Anderson*, 477 U.S. at 250. The nonmoving party may not rely on the pleadings but must present specific facts creating a genuine issue of material fact. *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The court's function, however, is not to make credibility determinations. *Anderson*, 477 U.S. at 249. The inferences to be drawn from the facts must be viewed in a light most favorable to the party opposing the motion. *T.W. Elec. Serv.*, 809 F.2d at 631.

## **ANALYSIS**

### a.  Sixth Affirmative Defense

The Sixth Affirmative Defense states that "Plaintiffs had unclean hands with respect to the matters alleged in the Complaint" and are thus barred from relief. Answer at 3.

The doctrine of unclean hands "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief." *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814 (1945). However, the unclean hands doctrine is not strictly enforced when "to do so would frustrate a substantial public interest." *EEOC v. Recruit USA, Inc.*, 939 F.2d 746, 753 (9th Cir. 1991). The EEOC is charged with administering, interpreting, and enforcing Federal anti-discrimination laws, and as such effectuates a compelling public interest. Thus, in *Recruit USA*, the Ninth Circuit declined to apply the unclean hands doctrine to the EEOC. In addition, the District Court for the District of Columbia has held that when "the Government acts in the public interest the unclean hands defense is unavailable as a matter of law." *United States v. Philip Morris Inc.*, 300 F. Supp. 2d 61, 75 (D.D.C. 2004).

Defendants claim that under *Recruit USA*, the unclean hands defense may be applied to the EEOC under certain circumstances. Opposition at 8. However, they state, they are not asserting an unclean hands defense against the EEOC, but rather against Wei. Defendants point out that Wei did not complain to upper management about the alleged sexual harassment, that she later went to work

3

1  for a strip club, and that she used foul language and told a coworker that she was not wearing any
2  underwear. Opposition at 9-10; Hosilyk Decl. at Ex. F-I. According to Defendants, "[c]learly the
3  aforementioned behavior of Wei could lead a court to conclude that neither Wei nor the EEOC is
4  entitled to equitable remedies because of the behavior." *Id.*

5  There are two problems with this argument. First, Defendants point to no authority allowing
6  the unclean hands defense to be asserted against the claimant in a public enforcement suit brought
7  by the EEOC. The unclean hands defense is asserted against a party, and Wei is not a party to this
8  case. The only Plaintiff is the EEOC. *See General Tel. Co. of the Northwest, Inc. v. EEOC*, 446
9  U.S. 318, 324 (1980) ("Given the clear purpose of Title VII, the EEOC's jurisdiction over
10 enforcement, and the remedies available, the EEOC [has] authority to bring suit *in its own name* for
11 the purpose, among others, of securing relief for a group of aggrieved individuals.") (emphasis
12 added).

13 Second, even if it were proper to assert the defense against Wei, the facts identified by
14 Defendants do not add up to unclean hands. These facts might bear on Defendants' liability for sex
15 discrimination under Title VII, but they are not indicative of any bad faith by Wei that should
16 preclude her from seeking equitable relief. Defendants do not allege that Wei lied or committed any
17 fraudulent acts – instead, they allege that she should not be allowed to recover for sexual harassment
18 because, essentially, she brought it on herself and did not do enough to stop it. This is insufficient.
19 *See Hynix Semiconductor Inc. v. Rambus, Inc.*, 2006 WL 565893 at *25 (N.D. Cal. Jan. 5, 2006)
20 ("The unclean hands defense applies 'only if the court is left with a firm conviction that the
21 defendant acted with a fraudulent intent in making the challenged claims.'") (quoting *Jarrow*
22 *Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 842 (9th Cir. 2002)). *See also Republic*
23 *Molding Corp. v. B.W. Photo Utilities*, 319 F.2d 347, 349 (9th Cir. 1963) (holding that "misconduct
24 in the abstract . . . does not constitute unclean hands"). Defendants bear the burden of proving
25 unclean hands, and they must show that "the offending conduct materially prejudiced [their] ability
26 to defend [themselves]." *Hynix* at *27. They have not carried this burden.

4

Finally, Defendants' assertion that the unclean hands defense might apply to as-yet-unidentified class members is pure speculation. *See* Opposition at 10. Thus, the Court grants Plaintiff's Motion for Summary Judgment as to the Sixth Affirmative Defense.

**b. Tenth Affirmative Defense**

The Tenth Affirmative Defense states that "Plaintiff's claims are barred due to their failure to timely exhaust administrative remedies." Defendants do not specify any particular administrative remedies that Plaintiff failed to exhaust. Answer at 4.

Plaintiff argues that the only prerequisite to bringing a public enforcement lawsuit such as this is that the underlying charge be filed more than 30 days prior to the institution of the suit. 42 U.S.C. § 2000e-5(f)(1) and (3). Defendants admit that Wei filed her charge of discrimination more than 30 days before this suit was brought. Aside from that, Plaintiff argues, there are no "administrative remedies" to exhaust.

However, *EEOC v. Pierce Packing Co.*, 669 F.2d 605, 607 (9th Cir. 1982), identifies steps which the EEOC must take before instituting a suit. These steps, which may be characterized as administrative remedies that must be exhausted, are as follows. First, a charge of discrimination must be filed. The EEOC must then inform the alleged wrongdoer of the charge, conduct an investigation, and determine whether "reasonable cause exists to believe that the charge is true." If reasonable cause is found, the agency must engage in conciliation efforts and, if those prove unproductive, the agency must give the respondent written notice of its "last chance" to conciliate. At that point, the EEOC is empowered to bring suit. *Id*.

There is no dispute that the proper steps were taken leading up to the filing of this suit. Thus, the Court grants Plaintiff's Motion for Summary Judgment as to the Tenth Affirmative Defense.

**c. Thirteenth Affirmative Defense**

The Thirteenth Affirmative Defense states that: "The Court lacks jurisdiction over any claims under Title VII against Defendants as to any Plaintiff who failed to file any timely charge or allegations against Defendants, or any of them, with the EEOC." Answer at 4.

5

1 There is no allegation that the EEOC failed to timely file any charges or allegations. Indeed, 2 the EEOC was not required to file any charge – the complete list of actions that the EEOC was 3 required to take before instituting this suit is discussed in the preceding section. Instead, Defendants 4 argue that the EEOC may not seek relief on behalf of claimants who *could not* have filed charges of 5 discrimination within 300 days of the alleged conduct giving rise to the charge in this case. 6 Opposition at 2. Here, again, Defendants confuse the concept of Plaintiff (only the EEOC) and 7 claimant (Wei and perhaps others).

8 Plaintiff does not contest that Defendants may oppose recovery sought on behalf of claimants 9 who are unable to establish that they could have filed a timely charge. Both parties rely on *EEOC v.* 10 *Wilson Metal Casket Co.*, 24 F.3d 836, 839-40 (6th Cir. 1994) for that proposition. In *Wilson*, the 11 court held that where one claimant filed a timely EEOC charge, then individuals with claims "arising 12 out of similar discriminatory treatment in the same time frame" need not have filed a charge in order 13 to recover.[1]

14 However, Defendants do not identify any claimants or potential claimants on whose behalf 15 the EEOC will seek recovery who could not have filed a timely charge of discrimination. 16 Essentially, Defendants ask this Court to give an advisory opinion that the EEOC may only seek 17 remedies on behalf of claimants who could have filed charges in the same time frame as Wei. *See* 18 Opposition at 3. If the EEOC identifies a claimant who Defendants believe could not have filed a 19 timely charge of discrimination, the Court will consider Defendants' objection at that time. At this 20 juncture, though, the Court will not rule on this issue.

21 Plaintiff's Motion for Summary Judgment as to the Thirteenth Affirmative Defense is 22 granted.

23 **d. Fourteenth Affirmative Defense**

---

[1]This idea, known as the "single filing rule," has been adopted by at least six Circuits, *see Wilson*, 24 F.3d at 840 n.1, but has not yet been addressed by the Ninth Circuit. Further, *Wilson* does not squarely hold that claimants who could not have filed a charge within the same time frame as the claimant who did file a charge may not recover.

6

1  The Fourteenth Affirmative Defense states that: "All claims under Title VII which were not
2 the subject of a timely charge filed with the EEOC pursuant to 42 U.S.C. § 2000e-5(e); with respect
3 to which no investigation or conciliation effort has been made by the EEOC; or, which were not
4 made the subject of a timely civil action pursuant to 42 U.S.C. § 2000e-5(f)(1), are barred." Answer
5 at 5.

6  Although this Defense appears to be a generic objection to procedurally improper claims by
7 Plaintiff, both parties focus their argument on whether FAA is a proper Defendant in this case. This
8 issue is not explicitly mentioned in this or any of the Affirmative Defenses, and the appropriate way
9 to resolve it is through a Motion to Dismiss by FAA. Such a motion has not been filed, and as such,
10 the Court will not consider the parties' arguments at this time.

11  The Defense raises whether the suit is based on claims which were the subject of a timely
12 charge, which is addressed in the previous section; whether the EEOC has investigated and
13 attempted conciliation, which they have; and whether this lawsuit is timely. The EEOC correctly
14 points out that there is no limitations period within which it must bring suit. *Occidental Life Ins. Co.*
15 *v. EEOC*, 432 U.S. 355, 366-68 (1977). Thus, there are no genuine issues of material fact with
16 respect to the Fourteenth Affirmative Defense, and the Motion for Summary Judgment is granted.

17 **e.  Objections to Plaintiff's Evidence**

18  Defendants object to the Declaration of Elizabeth Esparza-Cervantes, submitted in support of
19 the instant Motion for Summary Judgment, on the ground that it violates Northern District of
20 California Civil Local Rule 7-5(b). Rule 7-5(b) states that "[a]n affidavit or declarations may
21 contain only facts, must conform as much as possible to the requirements of FRCivP 56(e), and must
22 avoid conclusions and argument. Any statement made upon information or belief must specify the
23 basis therefor." Specifically, Defendants raise the following objections:

24  1. Paragraph 2 is irrelevant and violates Rule 7-5(b). Paragraph 2 states that "Defendant
25 failed to articulate any facts which support their Sixth Affirmative Defense of "unclean hands" in
26 this case." This is argument which should not be included in a Declaration, and thus the objection is

7

sustained.

2. Paragraph 3 is irrelevant and lacks a foundation of personal knowledge. Paragraph 3 states that Defendants failed to appear at two mutually scheduled conciliation conferences and rejected EEOC's proposed settlements. This is not relevant to any of the Affirmative Defenses at issue, thus the Court sustains the objection.

3. Paragraph 5 is irrelevant, lacks foundation, and constitutes an impermissible attempt to authenticate documents. Paragraph 5 states that the three Defendants share identical corporate officers, and states that true and correct copies of the companies' most recently-filed Statements of Information are attached. This information concerns whether FAA is a proper Defendant, but it is not relevant to any of the Affirmative Defenses at issue in this Motion. Thus, the objection is sustained.

4. Paragraph 6 contains argument and conclusions in violation of Rule 7-5(b), and lacks a proper foundation of personal knowledge. Paragraph 6 states that all three Defendants share the same employee benefit programs and handbooks, and provides documents from Wei's personnel file so indicating. This is properly characterized as a statement of fact for purposes of Rule 7-5(b), but again, it is not relevant to any of the Affirmative Defenses at issue in this Motion. Thus, the objection is sustained.

5. Paragraphs 7, 8 and 9 present a summary of deposition testimony without attaching transcripts from the relevant depositions, in violation of Rule 7-5(a). This objection is overruled because Plaintiff has since supplied the necessary transcripts. See Supplemental Esparza-Cervantes Decl. at Ex. 5 (Bliss deposition), Ex.6 (Dessy deposition), and Ex. 10 (Hibberd deposition).

6. Paragraph 10 is irrelevant. Paragraph 10 states that all three Defendants are jointly represented by the same law firm, which also represented the companies during the EEOC investigation. This objection is sustained.

7. Paragraph 11 contains opinion and legal conclusion. Paragraph 11 states that FAA is Wei's direct employer, as evidenced by her W-2 form. Again, because the Court will not consider

8

whether FAA was properly joined as a Defendant, this information is irrelevant and the objection is sustained.

8. Paragraph 12 is duplicative, irrelevant, and lacks foundation. Paragraph 12 repeats Paragraph 3 verbatim. Thus, this objection is sustained.

IT IS HEREBY ORDERED THAT Plaintiff's Motion for Partial Summary Judgment is GRANTED.

IT IS SO ORDERED.

Dated: 9/11/06

*Saundra B Armstrong*

SAUNDRA BROWN ARMSTRONG

United States District Judge

9